*Rogers Wright*, for Plaintiff.

*J. B. Kelley*, for Defendant.

---

(Ashland Co., O., Common Pleas, 1900.)

BOARD OF EDUCATION (Ashland Township) v. BOARD OF EDUCATION (Montgomery Township).

The word "may" as used in the Boxwell law before the amendment of that law by the legislature of 1900, has not the force of "shall," and therefore that law was then not mandatory.

---

CAMPBELL, J.

This action was commenced before a justice of the peace by plaintiff to recover of defendant $14.40 for tuition of one Frank M. Bailey, under the provisions of what is known as the "Boxwell law," and came into this court court by appeal.

The plaintiff states in the petition that it admitted said Bailey to the Ashland schools, he being a resident of Montgomery township, outside of Ashland village district; that said Bailey, prior to his admission to said village district, had been examined by the county board of school examiners, a certificate had been granted him, as provided by law, and on presentation of said certificate, he was admitted to the Ashland village schools and attended said schools from September, 1898, until the close of the school year in 1899, and that under the laws of Ohio the defendant board is liable for such tuition.

The defendant admits, substantially, all the statements of the petition to be correct, but denies its liability under the law. The plaintiff's right to recover depends on the construction to be given the law in question.

The law as originally passed provided for holding examinations of pupils of sub-districts and special districts, by the county board of school examiners in certain branchs twice a year, and a certificate granting to any such pupil enabled him to enter any high school in the county.

In 1894 the first section of the act was amended, providing among other things that "the tuition of such applicant may be paid by the board of education of the township in which such applicant resides."

In 1896 this section was again amended making his admission to such high school dependant "upon the payment of tuition" and that said "tuition may be paid by the board of education of the township in which said applicant resides." Such were the provisions of the law in force in 1898 and 1899, applicable to this case.

The original act also provided for the granting of "diplomas" to successful applicants "who should deliver an oration or declamation, or read an essay in some public place provided by the clerk of the township board of education," and section 3 provides that "the tuition of such graduates may be paid by the board of education of the township where such pupils may reside."

It would appear from the law that two classes of pupils were designated, to-wit: successful applicants at examinations before the county board of school examiners, and those granted diplomas as above indicated in addition to holding certificates.

Unless the word "may" means "shall," the plaintiff is not entitled to recover.

The rule of construction generally approved in this class of cases is the following: "The word 'may' means 'must' or 'shall' only in cases where the public interest and rights are concerned, or where the public or third person have a claim de jure, that the power should be exercised, or where something is directed to be done for the sake of justice or the public good."

It is the duty of the court to ascertain if possible the intention of the legislature when called upon to construe doubtful or ambiguous enactments, and the following rule is laid down in 130 Indiana, 561. "The courts will look to the whole statute and all its parts, and when such intention is ascertained, it will prevail over the literal import and strict letter of the statute; and where the meaning is doubtful and uncertain, the courts will look into the situation and circumstances under which it was enacted; to other statutes if there be any upo nthe same subject whether passed before or after the statute under consideration."

Applying this rule, how should this law be construed? The Boxwell bill as first introduced, contained the word "shall" in the third section. It was refered to the standing committee on common schools, and among other amendments recommended, was the substitution of the general assembly has again amended the law by substituting the word "shall" for "may" in both the first and third sections. For eight years the legislature persistently refused to give the enactment mandatory operatoin upon township boards of education, though frequent efforts were made to change the phraseology to that effect.

From a somewhat careful investigation of the question submitted I fail to find that "may" as used in this statute should have the force of "shall," and for that reason judgment should be rendered for defendant.

Even if the word "may" has the significance of "shall," or if the action would be governed by the law as recently amended, would the plaintiff be entitled to recover?

If the clause in the law as it now stands means what its language imports, that successful applicants or graduates are permitted to enter any high school in the county, or in an adjoining county. "upon the payment of such tuition is a condition precedent to their admission, and the high school is not bound to admit them until it is paid.

In the first instance, who is to pay, and how? Township boards of education are authorized to levy a tax for the maintenance of the public schools within the township, and every pupil between six and twenty-one years of age is entitled to the benefits to be derived therefrom. Township high schools may be organized and supported in this way, and all pupils have access thereto; but the constitutional guarantee of "an efficient system of common schools throughout the state" does not in our opinion, impose an obligation upon township boards to pay the tuition of a select few pupils who elect to enjoy the advantages of a high school, outside the township of their residence, either in the same, or in an adjoining county. For this reason also our finding is for defendant.

*McCray & McCray,* for plaintiff.

*H. A. Mykrantz,* for defendants.